UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          vs.<br><br>ALFONZO D. TOLBERT,<br><br>          Defendant. | Case No. CR 03-00223-RMT<br><br>ORDER DENYING DEFENDANT'S<br>MOTION FOR REDUCTION OF<br>SENTENCE PURSUANT TO<br>18 U.S.C. § 3582(c)(2) |

This matter has come before the court on a motion by Defendant Alfonso D. Tolbert ("Defendant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).   Having considered the pleadings and the record in this matter, the court finds as follows:

***Background***

On February 4, 2003, Defendant was caught by police with a plastic baggie containing off-white objects or "rocks" resembling rock cocaine, a cocaine base.  (Plea agreement, Docket #50, ¶ 10).  Later analysis by the LAPD lab established that these objects were composed of a substance containing cocaine base with a net weight of approximately 21.73 grams.  Id.  Defendant was also carrying a small, loaded, semi-automatic handgun at the time of his arrest.  Id.  As part of his plea, Defendant admitted that during this series of events he possessed more than five grams of a substance containing cocaine base with the intent to distribute and was carrying a  firearm.  Id.

On June 8, 2004, Defendant pleaded guilty to a two-count indictment charging Defendant with: (1) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) of the Anti-Drug Abuse Act of 1986), and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1)).  (Change of plea hearing, Docket #52).

A violation of 21 U.S.C. § 841(b)(1)(B)(iii) and a violation of 18 U.S.C. § 924(c)(1)(A)(I) each carry a mandatory minimum sentence of five-years imprisonment. See 21 U.S.C. § 841(b)(1)(B)(iii), 18 U.S.C. § 924(c)(1)(A)(l).  Defendant was not eligible for a sentence below the sixty-month minimum for his drug trafficking crime under the "safety valve" provision because he had more than one criminal history point and his drug trafficking offense involved the possession of a firearm. See 18 U.S.C. § 3553(f).

On August 30, 2004, Defendant was sentenced to a total of 120 months imprisonment.  The term consists of the statutory minimum of 60 months for each count, to be served consecutively.

### Legal Analysis

Defendant contends that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) because of two developments in the law subsequent to his sentence: (1) Amendment 706, which generally reduces the base offense levels applicable to crack cocaine offenses by two levels, and (2) United States v. Hollis, 490 F.3d 1149 (9th Cir. 2007), which requires a specific allegation in the indictment and finding by a jury of "crack" for the "crack" cocaine enhancement to apply.

### A. Applicability of Amendment 706

A court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in part:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its

1    own motion, the court may reduce the term of imprisonment, after
2    considering the factors set forth in section 3553(a) to the extent that they are
3    applicable, if such a reduction is consistent with applicable policy statements
4    issued by the Sentencing Commission.

5    18 U.S.C. § 3582(c)(2).

6        A reduction in Defendant's term of imprisonment is not authorized under 18 U.S.C.
7    § 3582(c) if the original sentence is not based on a Guideline range but upon a statutory
8    minimum.  See United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996).

9        Here, Defendant was sentenced to the statutory minimum for both possession with
10   intent to distribute more than five grams of cocaine base and possession of a firearm in
11   furtherance of a drug trafficking crime.  The subsequent change in the drug quantity tables,
12   reducing most crack cocaine cases by two base offense levels, does not apply to
13   Defendant since he was sentenced to the statutory minimum sentence.  Thus, the court
14   may not reduce Defendant's sentence based on Amendment 706.

15   **B. Applicability of Hollis**

16       Defendant argues that Hicks[1] allows the court to consider the applicability of Hollis
17   in the context of 18 U.S.C. § 3582(c)(2).  Thus, Defendant contends that the court can and
18   should reduce his sentence to less than the sixty-month mandatory minimum that the
19   United States Probation Office and the court believed was required by 21 U.S.C. §
20   841(a)(1).

21       In Hicks, the Ninth Circuit held that Booker is applicable to amended Guidelines in
22   the context of a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), and, therefore,
23   courts have discretion to depart below the amended Guideline range.  United States v.
24   Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007).

25       The court in Hollis held that 21 U.S.C. § 841 requires an indictment to charge and
26   the jury to find "crack" to trigger the enhanced penalties associated with cocaine base.

27
28
        [1]United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

3

United States v. Hollis, 490 F.3d 1149, 1156 (9th Cir. 2007).

First, as discussed above, Defendant's sentence was based upon a statutory minimum and not on a Guideline range, and, therefore, the amended Guidelines do not have the effect of reducing Defendant's sentence.  Second, Hollis was decided subsequent to Defendant's sentence and section 3582(c)(2) only allows the district court to retroactively modify a sentence where the applicable sentencing range has been lowered by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2) (emphasis added).  Hollis did not lower sentencing ranges, nor was Hollis an action by the Sentencing Commission.  Thus, the court may not apply Hollis to reduce Defendant's sentence.

Accordingly,

IT IS ORDERED that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is hereby DENIED.

Dated: August 7, 2008

_____
ROBERT M. TAKASUGI
United States District Sr. Judge